ASHLEIGH SIMMONS, BY AND THROUGH HER GUARDIAN AD LITEM, HILTON SIMMONS, PLAINTIFF v. COLUMBUS COUNTY BOARD OF EDUCATION, DEFENDANT

No. COA04-916

(Filed 19 July 2005)

**1. Tort Claims Act— conflicting evidence—role of Industrial Commission**

Deciding among reasonable inferences is the role of the Industrial Commission in a Tort Claims action. Here, there was evidence to support findings by the Industrial Commission in a Tort Claims action concerning the timing of an assault on a school bus.

**2. Schools and Education— assault on bus—safe place for driver to stop**

As long as there is competent evidence to support the Commission's decision, it does not matter that there is evidence supporting a contrary finding. Here, there was evidence that there was a safe place for a bus driver to pull over so that she could stop an assault.

**3. Schools and Education— assault on bus—duty to follow safety rules—returning to school instead of immediately stopping**

The evidence and findings in a Tort Claims action supported the conclusion of the Industrial Commission that a school bus driver did not meet her duty to follow the safety rules by not immediately stopping the bus when an assault on a student began instead of returning to school.

**4. Tort Claims Act— findings—burden of proof—double negative**

The use of a double negative by the Industrial Commission in a Tort Claims finding did not imply that the Commission had shifted the burden of proof concerning the opportunity of a school bus driver to pull over after an assault on a student began.

**5. Schools and Education— assault on bus—failure to pull over and stop assault—proximate cause of injuries**

The findings supported the conclusion in a Tort Claims action that a school bus driver's failure to pull over when an assault on a student began prolonged the assault and was the proximate cause of plaintiff's severe injuries.

**6. Negligence— contributory—eleven-year-old plaintiff**

An eleven-year-old plaintiff who was assaulted on a school bus is presumed incapable of contributory negligence.

Appeal by defendant from decision and order entered 23 February 2004 by the Industrial Commission. Heard in the Court of Appeals 22 March 2005.

*Britt & Britt, P.A., by Donald Bardes, for plaintiff-appellee.*

*Attorney General Roy Cooper, by Assistant Attorney General Dahr Joseph Tanoury, for defendant-appellant.*

ELMORE, Judge.

This case concerns a claim filed under the Tort Claims Act against the Columbus County Board of Education (defendant). The claim, heard by the Industrial Commission, involves a fight on a school bus resulting in injuries to Ashleigh Simmons (plaintiff). The Industrial Commission ruled in favor of plaintiff after a finding that the bus driver was negligent for not stopping the fight and that her negligence

was a proximate cause of plaintiff's injuries. Defendant appeals from this judgment.

On 20 February 1995, plaintiff boarded her school bus driven by Emma Ford-Williams (Williams) at Evergreen Elementary School in Columbus County, North Carolina. Plaintiff, eleven years old, sat four rows behind Williams. Prior to the bus leaving the school and pulling onto the road, plaintiff called out to Williams that another boy, Andre, was standing. Words were exchanged between Andre and plaintiff and subsequently Andre's older brother, Jasper Williams (Jasper) left his seat and began hitting plaintiff. Jasper, an eighth grader, was over six-feet tall and weighed between 175 to 200 pounds while plaintiff was only four feet tall and weighed 124 pounds.

The facts, as determined by the Commission, are that the attack began before the bus left the school and was noticed by Williams prior to turning onto Old Highway 74. The distance between the bus stop pick-up area (where students loaded onto the buses to return home) and the intersection with Old Highway 74 was approximately 230 feet. When Williams noticed the fight, she responded by yelling behind her: "Y'all stop what you're doing." Although plaintiff initially defended herself, she eventually was overpowered and knocked to the floor. It was then that Jasper began to kick her repeatedly. According to the Commission's findings, this escalation of the attack occurred as the bus turned onto Old Highway 74. As the fight escalated, Williams decided to return to the school which took, according to plaintiff's evidence, about one and one-half minutes from the point that Williams noticed the fight. When the bus returned to the school, Williams motioned for a male teacher to enter the bus. The male teacher stopped the attack. At no point did Williams attempt to stop the bus or separate the fighting children. As a result of the attack, plaintiff suffered a fractured mid-clavicle, hematoma above the right eye, ecchymosis of the left eye, mild traumatic brain injury, head pain, nightmares, and an atypical fear of large men. The Industrial Commission found that Williams was negligent and held defendant liable under the theory of respondeat superior. The Commission awarded plaintiff $8,567.79 for medical expenses as well as $34,000.00 for pain and suffering.

The standard of review for an appeal from the Full Commission's decision under the Tort Claims Act "shall be for errors of law only under the same terms and conditions as govern appeals in ordinary civil actions, and the findings of fact of the Commission shall be conclusive if there is any competent evidence to support them." N.C.

Gen. Stat. § 143-293 (2003). As long as there is competent evidence in support of the Commission's decision, it does not matter that there is evidence supporting a contrary finding. *See Simmons v. N.C. Dept. of Transportation,* 128 N.C. App. 402, 405, 496 S.E.2d 790, 793 (1998). "The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Anderson v. Construction Co.,* 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965). Thus, "when considering an appeal from the Commission, our Court is limited to two questions: (1) whether competent evidence exists to support the Commission's findings of fact, and (2) whether the Commission's findings of fact justify its conclusions of law and decision." *Simmons,* 128 N.C. at 405-06, 496 S.E.2d at 793. Accordingly, we will first review the record to determine if there is competent evidence supporting the findings of the Full Commission challenged by defendant.

[1] Defendant first challenges the Commission's findings of fact three and five on the grounds that there is no competent evidence supporting them. We disagree. Findings three and five are:

> 3. On the afternoon of February 20, 1995, Ms. [Williams] customarily drove on Evergreen School Road to the stop sign at Old Highway 74. Prior to turning on to Old Highway 74, Ms. [Williams] testified that she looked in her mirror and noticed that plaintiff and another student, Jasper Williams, were "hitting each other back and forth." At that point, Ms. [Williams] yelled back: "Y'all stop what you're doing." Ms. [Williams] testified that the students did not respond to her command.

> 5. As the bus turned on to Old Highway 74 from Evergreen School Road, Jasper Williams began to hit plaintiff very hard on her body. Ms. [Williams] neither stopped the bus nor took any further action to address the escalating situation; rather, she resumed driving the bus and continued toward Haynes Lennon Road.

There is competent evidence in the record from which the Full Commission could have inferred that Williams noticed the fight *prior to* turning onto Old Highway 74 and that the fight escalated *as* the bus turned onto Old Highway 74. Plaintiff testified that she and Jasper began fighting prior to the bus turning onto Old Highway 74. It is a reasonable inference that since the fight began before the bus turned onto Old Highway 74 that the fight escalated as the bus

turned onto Old Highway 74 and that Williams noticed the fight prior to turning onto Old Highway 74. She did in fact yell to the children to stop. Defendant argues that this is not a reasonable inference because Williams testified that she did not notice the fight until *after* turning onto Old Highway 74. However, deciding among reasonable inferences remains the role of the Commission and these inferences "may not be overturned on appeal." *Norman v. N.C. Dep't of Transp.*, 161 N.C. App. 211, 224, 588 S.E.2d 42, 51 (2003), *cert. denied*, 358 N.C. 545, 599 S.E.2d 404 (2004). Therefore, this Court accepts the Commission's findings that Williams noticed the fight prior to turning onto Old Highway 74 and that the fight escalated as the bus turned onto Old Highway 74.

[2] Defendant also contends that there is no competent evidence supporting the Commission's finding number ten that states:

> 10. There is no evidence that Ms. [Williams] could not locate a spot to pull over to the side of the road safely to enable her to restore order and safety on her bus. Because Ms. [Williams] decided to return to the school, instead of pulling the bus over safely, Jasper Williams was given additional time in which to continue severely beating plaintiff. The Full Commission finds Ms. [Williams's] decision to return to the school instead of pulling off the roadway to restore order on her bus to be a negligent breach of the duty of care owed to plaintiff. The fact that Ms. [Williams] yelled a solitary warning command ("Y'all stop what you're doing.") toward the back of the bus simply does not rise to the level of care owed to plaintiff. As soon as [Ms. Williams] realized the fight was continuing despite her warning command, she should have taken <u>immediate</u> action to find a safe place to pull over and restore order and safety on her bus.

Defendant disputes that there was a safe place for Williams to stop the bus and restore order. Indeed, Williams testified that she could not pull into the parking lot of a gas station because it was not a designated stop. However, Williams testified that in a previous incident she stopped the bus in order to quell a fight between Jasper and another female student. While Williams was unable to remember whether or not she had stopped at a designated stop, she did remember that after stopping the bus she was able to successfully stop the incident. Further, there is some evidence of an available safe place in which Williams could have stopped. The principal, Mr. Fulk, testified that there was an area near the gas station where she could have

safely stopped the bus. Again, as long as there is competent evidence in support of the Commission's decision, it does not matter that there is evidence supporting a contrary finding. *See Simmons*, 128 N.C. App. at 405, 496 S.E.2d at 793.

[3] Because the challenged findings of fact are supported by competent evidence, the only other form of review available to defendant is for this Court to verify that the findings of fact justify the Commission's conclusions of law. *Id.* at 405-06, 496 S.E.2d at 793. Defendant argues that the Commission's conclusions of law are improper because (1) it was not reasonable for Williams to pull off the roadway; (2) the Commission shifted a portion of the burden of proof to defendant; (3) plaintiff was contributorily negligent; and (4) Williams's actions did not proximately cause plaintiff's injuries.

According to N.C. Gen. Stat. § 143-291(a), it is up to the Industrial Commission, as the trier of fact, to determine negligence. The Industrial Commission

> shall determine whether or not each individual claim arose as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina.

*Id.*

To prevail on a claim of negligence under the Tort Claims Act, the plaintiff must establish: "(1) that [defendant] owed plaintiff a duty of care under the circumstances; (2) that actions or omissions by at least one of the named employees of [defendant] constituted a breach of that duty; (3) that the breach was the actual and proximate cause of plaintiff's injury; and (4) that plaintiff suffered damages." *Davidson v. Univ. of N.C. at Chapel Hill*, 142 N.C. App. 544, 553, 543 S.E.2d 920, 926 (2001).

"The standard of due care is always the conduct of a reasonably prudent person under the circumstances. Although the standard remains constant, the proper degree of care varies with the circumstances." *Bolkhir v. N.C. State Univ.*, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988) (internal citation omitted). Therefore, the standard of due care in this case depends on the determination of what a reasonably prudent bus driver would do to stop Jasper's attack on plaintiff.

This analysis includes a consideration of the rules or safety standards that have been adopted by the school system. "[W]here it appears that defendant has voluntarily adopted the rules or safety standards as a guide for the protection of the public, they are admissible as some evidence that a reasonably prudent person would adhere to their requirements." *Slade v. Board of Education*, 10 N.C. App. 287, 296, 178 S.E.2d 316, 322 (1971). Defendant, by not excepting to the Commission's finding of fact thirteen, agrees that "Ms. [Williams] (as defendant's agent) had a duty to follow the rules of safety for school bus drivers, as provided by the NC Department of Transportation, when ensuring the safety and protection of the students on her bus, including plaintiff." The Commission's finding of fact nine, also not excepted to by defendant, provides an excerpt from a handbook given to bus drivers by the North Carolina Department of Transportation. This excerpt gives some guidance on how to handle cases of misbehavior. It states that a "driver should: (1) select a safe place to pull off the roadway; (2) restore order; and (3) report misbehavior to the principal, if necessary."

Defendant claims that it was not reasonable for Williams to pull off the roadway, and therefore Williams had no duty to pull off the roadway. It makes this claim by excepting to the Commission's findings of fact twelve and fourteen:

12. The defendant has also argued that Ms. [Williams's] decision to take no action (absent a solitary warning command) toward stopping the fight on the bus in favor of returning to the school for help was reasonable considering that the bus was only a short distance (less than a half-mile) from the school. However, Ms. [Williams] testified that she would have acted in the same manner even if the fight had occurred while the bus was 10 miles from the school. The Full Commission finds this statement as evidence of Ms. [Williams's] total disregard for, or complete ignorance of, the rules of safety established by the NC Department of Transportation.

14. During the incident on February 20, 1995, Ms. [Williams] breached the duty of care owed to plaintiff by failing to follow safety procedures that require her to pull over to the side of the road safely to restore order on her bus.

These two findings are "mixed questions of law and fact and so are reviewable on appeal from the commission, the designations 'Find-

SIMMONS v. COLUMBUS CTY. BD. OF EDUC.

[171 N.C. App. 725 (2005)]

ing of Fact' or 'Conclusion of Law' by the commission not being conclusive." *Martinez v. Western Carolina University*, 49 N.C. App. 234, 239, 271 S.E.2d 91, 94 (1980).

In this case the findings of fact support the conclusion, identified as finding number fourteen, that Williams did not meet her duty to follow the rules of safety for school bus drivers. First, the Commission found in finding number ten that there was a safe place for Williams to pull off the roadway. Finding of fact fifteen was that the prolonged and severe beating could have been prevented had Williams immediately stopped the bus in a safe place instead of returning to the school. Second, Williams's testimony that she was able to stop Jasper's attack on another female student by stopping the bus and separating the students supports this conclusion. Last, Williams's testimony that she would have acted in the same manner even if the incident occurred ten miles from the school shows a disregard for the established rules. Nowhere in the rules is there a discussion that returning to school as a first response to fighting is reasonable. Although the Commission's finding number twelve is sternly worded, it is within their authority to weigh the evidence. There is competent evidence to support these findings, and these findings support the Commission's conclusion that Williams breached her duty to plaintiff.

[4] Defendant also claims that the double negative "[t]here is no evidence that Ms. [Williams] could not locate a spot to pull over to the side of the road safely" implies that the Commission shifted the burden of proof to defendant. However, the latter part of finding of fact ten shows that the Commission did find that plaintiff proved that there was a safe place to pull over, and as stated previously, there is competent evidence supporting this finding. Moreover, we interpret this finding's wording as a determination that defendant's evidence did not refute the evidence presented by plaintiff, which was that there was a safe place to stop the bus. Because the Commission found that there was a safe place available for Williams to stop the bus, defendant's argument that the Commission shifted the burden of proof does not stand.

[5] The Commission's findings of fact also support its conclusions of law that Williams's breach was a proximate cause of the plaintiff's injuries. While this conclusion is listed as finding of fact fifteen, this Court is not bound by the Commission's classification and in this instance finds the finding to be a conclusion of law. The "conclusion" made by the Commission is:

15. The breach of duty proximately caused plaintiff to be subjected to a prolonged and severe beating at the hands of Jasper Williams, which could have been prevented had Ms. [Williams] taken immediate action to pull over and restore order on her bus instead of driving back to the school.

As stated above, Williams knew from a previous incident that she was able to prevent Jasper from further injuring another student by stopping the bus in a safe place and separating the two students. Instead of repeating this previously successful action, Williams continued to drive the bus with only one verbal warning directed at Jasper. Her failure to take any action in this case allowed the fight to escalate to the point that Jasper succeeded in knocking the plaintiff to the ground and kicking her for the remainder of the bus ride back to school. Thus, Williams, by allowing the fight to continue in time and severity, was a proximate cause of plaintiff's severe injuries.

[6] Defendant contends that there was contributory negligence on the part of the eleven-year-old plaintiff that prevents her from the recovery of damages. Section 143-299.1 does deem contributory negligence to be a defense, but "the State department, institution or agency against which the claim is asserted . . . [has] the burden of proving that the claimant or the person in whose behalf the claim is asserted was guilty of contributory negligence." N.C. Gen. Stat. § 143-299.1 (2003). Here, defendant did not meet that burden. In North Carolina, children between the ages of seven and fourteen are presumed to be incapable of contributory negligence. *See Weeks v. Barnard*, 265 N.C. 339, 340, 143 S.E.2d 809, 810 (1965). "This presumption, however, may be overcome by evidence that the child did not use the care which a child of its age, capacity, discretion, knowledge, and experience would ordinarily have exercised under the same or similar circumstances." *Id.* (citation omitted). The plaintiff in this case was eleven years old, and thus is presumed incapable of contributory negligence. Defendant offered no evidence that plaintiff did not handle herself as a normal eleven-year-old girl. As such, the Commission did not err in finding negligence on Williams's part without finding any negligence on plaintiff's part.

This Court finds that there was competent evidence for the Commission's findings of fact and that the findings of fact support the Commission's conclusions of law. Thus, the Commission's decision and order is affirmed.

TOTAL RENAL CARE OF N.C., LLC v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[171 N.C. App. 734 (2005)]

Affirmed.

Judges WYNN and TYSON concur.