DEREK A. PATE and MICHELLE D. PATE, Plaintiffs v. N.C. DEPARTMENT OF
TRANSPORTATION, Defendant

No. COA05-609

(Filed 7 March 2006)

**1. Tort Claims Act— appeal—standard of review**

The standard of review for an appeal from the full Industrial
Commission's decision under the Tort Claims Act is for errors of
law under the same terms and conditions as in ordinary civil
actions, and the findings are conclusive if there is any competent
evidence to support them.

**2. Appeal and Error; Tort Claims Act— preservation of is-
sues—assignment of error—distinction from condemnation**

Defendant's failure to assign error meant that it did not
preserve for appellate review the question of whether N.C.G.S.
§ 136-111 provides the sole remedy in an action arising from
flooding caused by an undersized drainage pipe. Furthermore,
N.C.G.S. § 136-111 addresses actions seeking damages for con-
demnation, while the Tort Claims Act governs negligence claims.

**3. Appeal and Error— appealability—"de facto denial" of
motion—no authority to appeal before ruling**

There is no authority to support a right of appeal from a "de
facto denial" of a summary judgment motion which had not been
ruled upon. There is no authority supporting the right to appeal
before a motion has been heard or a ruling entered.

**4. Tort Claims Act— civil action not alleging negligence—no
res judicata**

The dismissal of a civil complaint which did not allege negli-
gence did not bar a claim pursuant to the Tort Claims Act under
res judicata.

**5. Tort Claims Act— interlocutory oral ruling—subject to
change during hearing—no stay after appeal**

An appeal from an interlocutory oral ruling that an Industrial
Commission deputy commissioner could modify or reverse dur-
ing the hearing did not stay further proceedings.

Judge Tyson dissenting.

PATE v. N.C. DEP'T OF TRANSP.

[176 N.C. App. 530 (2006)]

Appeal by defendant from Decision and Order entered 17 February 2005 by the North Carolina Industrial Commission. Heard in the Court of Appeals 8 December 2005.

*Hopf & Higley, P.A., by James F. Hopf, for plaintiff-appellee.*

*Attorney General Roy Cooper, by Assistant Attorney General Amar Majmundar, for defendant-appellant.*

LEVINSON, Judge.

Defendant North Carolina Department of Transportation (NCDOT) appeals a decision and order of the Industrial Commission, affirming with modification a deputy commissioner's order awarding damages to plaintiffs. We affirm.

Record evidence establishes the following: In 1999 plaintiffs Derek and Michelle Pate lived at 2738 Stoney Brook Drive on State Rd. 1217, Farmville, in Pitt County, North Carolina. A buried drainage pipe ran under their property and beneath the road. Maintenance of both State Rd. 1217 and of the drainage pipe, including determination of the appropriate diameter for the pipe, is defendant's responsibility. Although defendant's guidelines indicated that the proper diameter for this drainage pipe was forty-two to forty-eight inches, as of 1999 defendant was using an eighteen inch diameter pipe.

In September 1999 Hurricane Floyd passed through Farmville, and plaintiffs' yard and house were flooded. Over six inches of standing water flooded the interior of plaintiffs' home, causing at least $103,000 in damages. Plaintiffs presented unrebutted evidence at the hearing that the flooding was caused by the inadequate capacity of the eighteen inch diameter drainage pipe, which defendant replaced with a forty-eight inch diameter pipe.

On 30 August 2001 plaintiffs filed a complaint in the Superior Court of Pitt County, North Carolina, seeking damages for alleged "inverse condemnation" or wrongful taking of their property, arising from defendant's role in the flooding of their property. Defendant filed a motion for dismissal of plaintiffs' civil complaint on several grounds, including N.C. Rules of Civil Procedure Rule 12(b) (lack of subject matter jurisdiction), Rule 12(b)(6) (failure to state a claim for relief), the doctrine of sovereign immunity; and the Statute of Repose. On 13 October 2003 the trial court granted defendant's motion, entering a summary order that did not indicate the basis for the court's decision.

**PATE v. N.C. DEP'T OF TRANSP.**

[176 N.C. App. 530 (2006)]

On 7 September 2001 plaintiffs filed an affidavit setting out a negligence claim pursuant to the Tort Claims Act claim, N.C. Gen. Stat. § 143-291, *et seq.* Many of the facts alleged in plaintiffs' affidavit were also set out in their superior court complaint; however, unlike that complaint, the Tort Claims Act action alleged negligence by a named NCDOT employee. On 17 October 2003 defendant moved for summary judgment on plaintiffs' Tort Claims Act claim. Defendant asserted that the trial court's dismissal of plaintiffs' claim in the superior court constituted a "final judgment on the merits" of plaintiffs' claim, which barred the Tort Claims Act claim under the doctrine of *res judicata.*

Plaintiffs' claim was scheduled for hearing before Industrial Commission Deputy Commissioner George Glenn. Two days before the hearing, defendant appealed to the Full Commission, on the grounds that the commissioner's failure to rule on its summary judgment motion before the scheduled hearing was a "*de facto* denial" of the motion, and that it was entitled to an immediate appeal because the "*de facto* denial" affected a substantial right.

On 5 November 2003 the case was heard by Deputy Commissioner Glenn. Before the hearing on the merits, the commissioner orally denied defendant's summary judgment motion, and defendant announced its appeal. Defendant then argued that its appeal stripped the commissioner of jurisdiction over the case, and refused to participate in the hearing. Consequently, plaintiffs' evidence was unchallenged. When questioned by the Commissioner about the wisdom of its refusal to take part in the hearing on the merits, defendant conceded that, if the procedural issues were resolved against defendant, "[w]e lose, Your Honor."

On 22 December 2003 the commissioner issued a Decision and Order in favor of plaintiffs, and defendant appealed to the Full Commission. On 17 February 2005 the Full Commission affirmed the deputy commissioner's opinion with modifications. Defendant has appealed from this Decision and Order, and timely filed the Record on Appeal. On 18 November 2005 defendant filed a motion seeking to amend the Record on Appeal by adding record page citations to the Assignments of Error. We have granted defendant's motion, and conclude that the procedural issues raised by defendant were properly preserved for review and are now adequately assigned as error. Our opinion in this case does not address substantive issues pertaining to proof of negligence, and thus we have no need to reach the issue of whether defendant properly preserved or briefed such issues.

## Standard of Review

[1] Defendant appeals from an Opinion and Award under the Tort Claims Act, N.C. Gen. Stat. § 143-291 *et seq.* Under § 143-291(a), the Industrial Commission has jurisdiction over negligence claims against the State. The Commission is charged with determining "whether or not each individual claim arose as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina." "Because an action in tort against the State and its departments, institutions, and agencies is within the exclusive and original jurisdiction of the Industrial Commission, a tort action against the State is not within the jurisdiction of the Superior Court." *Guthrie v. State Ports Authority,* 307 N.C. 522, 539-40, 299 S.E.2d 618, 628 (1983).

Regarding the procedural rules governing Tort Claims Act proceedings, "the Commission is authorized to 'adopt such rules and regulations as may, in the discretion of the Commission, be necessary to carry out the purpose and intent of [the Tort Claims Act].' N.C. Gen. Stat. § 143-300 [(2005)]. [However,] the North Carolina Rules of Civil Procedure apply in tort claims before the Commission, to the extent that such rules are not inconsistent with the Tort Claims Act, in which case the Tort Claims Act controls. N.C. Gen. Stat. § 143-300; 4 NCAC 10B.0201(a)." *Doe 1 v. Swannanoa Valley Youth Dev. Ctr.,* 163 N.C. App. 136, 141, 592 S.E.2d 715, 718-19, *disc. review and stay denied,* 358 N.C. 376, 596 S.E.2d 813 (2004).

"The standard of review for an appeal from the Full Commission's decision under the Tort Claims Act 'shall be for errors of law only under the same terms and conditions as govern appeals in ordinary civil actions, and the findings of fact of the Commission shall be conclusive if there is any competent evidence to support them.' N.C. Gen. Stat. § 143-293 [(2005)]. As long as there is competent evidence in support of the Commission's decision, it does not matter that there is evidence supporting a contrary finding." *Simmons v. Columbus County Bd. of Educ.,* 171 N.C. App. 725, 727-28, 615 S.E.2d 69, 72 (2005) (citing *Simmons v. N.C. Dept. of Transportation,* 128 N.C. App. 402, 405, 496 S.E.2d 790, 793 (1998)). "[W]hen considering an appeal from the Commission, our Court is limited to two questions: (1) whether competent evidence exists to support the Commission's findings of fact, and (2) whether the Commission's findings of fact

justify its conclusions of law and decision." *Simmons*, 171 N.C. App. at 727-28, 615 S.E.2d at 72.

---

**[2]** Defendant argues first that the Full Commission erred by affirming the Opinion and Award by the deputy commissioner, on the grounds that N.C. Gen. Stat. § 136-111 (2005) affords plaintiffs' "sole remedy, rendering their common law tort action · improper[.]" However, by failing to assign this issue as error, defendant did not preserve it for appellate review. *See* N.C.R. App. P. 10(a) ("[T]he scope of review on appeal is confined to a consideration of those assignments of error set out in the record on appeal in accordance with this Rule 10."). Further, it is undisputed that G.S. § 136-111 addresses actions seeking damages for <u>condemnation</u>, while the Tort Claims Act governs <u>negligence claims</u>. Defendant cites no authority holding that G.S. § 136-111 bars negligence claims, and we find none. ·

---

**[3]** Defendant next asserts that the deputy commissioner lacked jurisdiction to conduct the 5 November 2003 hearing on the merits of plaintiffs' claim, based on defendant's notice of appeal filed 3 November 2003. This appeal, filed two days <u>before the hearing</u>, purported to appeal from what defendant describes as a "*de facto* denial" of its summary judgment motion. This motion for summary judgment was filed <u>two weeks</u> before the hearing. Defendant repeatedly asserts the deputy commissioner "refused" to rule on its motion for summary judgment, and argues that its appeal of the "*de facto* denial" of summary judgment removed the case from the deputy commissioner's jurisdiction. However, defendant cites no authority supporting the right to appeal <u>before</u> a motion has been heard or a ruling entered, and we find none. We reject this argument. ·

---

**[4]** Defendant next argues that the Industrial Commission erred by denying its motion for summary judgment, asserting that dismissal of plaintiffs' civil superior court complaint was "an adjudication on the merits" of plaintiffs' claim that barred plaintiffs' negligence claim under the Tort Claims Act. In making its argument, defendant relies on the doctrine of *res judicata*. We disagree.

"Under the doctrine of *res judicata* or claim preclusion, a final judgment on the merits in one action precludes a second suit based on the same cause of action between the same parties or their privies." *Whitacre P'ship v. BioSignia, Inc.*, 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004) (internal quotation marks omitted). " 'The essential

elements of *res judicata* are: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in the prior suit and the present suit; and (3) an identity of parties or their privies in both suits.' " *Branch v. Carolina Shoe Co.*, 172 N.C. App. 511, 518, 616 S.E.2d 378, 383 (2005) (quoting *Bryant v. Weyerhaeuser Co.*, 130 N.C. App. 135, 138, 502 S.E.2d 58, 61 (1998)).

Defendant herein contends that plaintiffs' civil complaint for damages for condemnation "asserted the same allegations of negligence found in their Industrial Commission tort claim." "The traditional elements of actionable negligence are the existence of a legal duty or obligation, breach of that duty, proximate cause and actual loss or damage." *McMurray v. Surety Federal Savings & Loan Assoc.*, 82 N.C. App. 729, 731, 348 S.E.2d 162, 164 (1986).

In the instant case, plaintiffs' civil complaint did not allege negligence; accordingly, dismissal of the civil claim does not bar plaintiffs' Tort Claims Act claim. In *Alt v. John Umstead Hospital*, 125 N.C. App. 193, 198, 479 S.E.2d 800, 804 (1997), defendant argued that summary judgment on plaintiff's civil claims for malicious prosecution, false imprisonment and deprivation of due process barred his Tort Claims Act negligence claim. This Court disagreed, holding:

> Although the factual allegations underlying the two claims are the same, <u>different issues are involved</u>. . . . Moreover, . . . exclusive original jurisdiction of claims against the State or its institutions and agencies, in which injury is alleged to have occurred as a result of the negligence of an employee of the State, is vested in the North Carolina Industrial Commission. N.C. Gen. Stat. § 143-291 *et seq.* [(2005)]. Thus, plaintiff's negligence claim . . . could not have been adjudicated in the prior proceeding because the Superior Court had no jurisdiction over a tort claim against the State.

We find the reasoning of *Alt* applicable to the instant case, and conclude that plaintiffs' claim was not barred by the doctrine of *res judicata*. This assignment of error is overruled.

---

**[5]** Finally, defendant argues that, upon its appeal from the commissioner's oral ruling denying defendant's summary judgment motion, all further proceedings were stayed. Defendant's position is based on its interpretation of Industrial Commission Rule 308, which provides that:

PATE v. N.C. DEP'T OF TRANSP.

[176 N.C. App. 530 (2006)]

When a case is appealed to the Full Commission or to the Court of Appeals, all Orders or Decisions and Orders of a Deputy Commissioner or the Full Commission are stayed pending appeal.

Defendant, however, did not appeal from an Order, but from an interlocutory oral ruling that the commissioner had authority to modify or reverse during the hearing. *See, e.g., State v. McCall*, 162 N.C. App. 64, 68, 589 S.E.2d 896, 899 (2004) ("A trial court may change its ruling on a pre-trial motion *in limine* during the presentation of the evidence."). Defendant cites no cases allowing immediate appeal before an order is reduced to writing and filed. Because defendant did not appeal from an Order or Decision and Order, the proceedings were not stayed. Thus, we have no need to address, as an alternative basis to evaluate defendant's contention, the authority of the Industrial Commission to waive the provisions of Rule 308. This assignment of error is overruled.

We have carefully considered defendant's remaining assignments of error, and conclude they are either not preserved for appellate review or are without merit. Accordingly, the Decision and Order of the Industrial Commission is

Affirmed.

Judges HUDSON concurs.

Judge TYSON dissents in a separate opinion.

TYSON, Judge dissenting.

Defendant seeks the review of the North Carolina Industrial Commission's ("Commission") affirmation of Deputy Commissioner Glenn's decision to deny defendant's motion for summary judgment and to award damages to plaintiffs. The majority's opinion grants defendant's motion to amend the record and affirms the Commission's opinion and award. Defendant's violations of the North Carolina Rules of Appellate Procedure ("appellate rules"), warrants dismissal of its appeal. I respectfully dissent.

## I. Appellate Rules Violations

Defendant failed to comply with the North Carolina Rules of Appellate Procedure in the following ways: (1) to set forth record citations for its assignments of error in violation of N.C. R. App. P.

10(c)(1); (2) to state without argument the basis for the errors assigned in violation of N.C. R. App. P. 10(c)(1); (3) to object to testimony when offered, in violation of N.C. R. App. P. 10(b) (1), which requires, "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make;" and (4) to assign error to the admissibility of evidence presented before Deputy Commissioner Glenn in violation of N.C. R. App. P. 10(a), which mandates, "the scope of review is confined to a consideration of those assignments of error set out in the record on appeal."

On 18 November 2005, after defendant and plaintiff filed their appellate briefs and nineteen days prior to oral argument, defendant moved to amend the record due to its failure to assign error in accordance with N.C. R. App. P. 10. The majority's opinion grants defendant's motion. Because defendant's motion also violates our appellate rules, is untimely, and prejudicial to plaintiff, I vote to deny defendant's motion to amend the record.

Our Supreme Court has stated:

It is not the role of the appellate courts, however, to create an appeal for an appellant. As this case illustrates, the Rules of Appellate Procedure must be consistently applied; otherwise, the Rules become meaningless, and an appellee is left without notice of the basis upon which an appellate court might rule. *See Bradshaw v. Stansberry,* 164 N.C. 356, 79 S.E. 302 (1913).

*Viar v. N.C. Dept. of Transp.,* 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005).

In *Viar,* our Supreme Court dismissed the plaintiff's appeal due to appellate rules violations. *Id.* The plaintiff violated N.C. R. App. P. 10(c)(1) and 28(b). *Id.* Regarding N.C. R. App. P. 10(c), the plaintiff failed to number separately the assignments of error "at the conclusion of the record on appeal in short form without argument." The plaintiff also violated N.C. R. App. P. 28(b), which requires, "a reference to the assignments of error pertinent to the question, identified by their numbers and by the pages at which they appear in the printed record on appeal" to follow each question. *Id.*

## II. Conclusion

"The North Carolina Rules of Appellate Procedure are mandatory and 'failure to follow these rules will subject an appeal to dis-

missal.'" *Id.* (quoting *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999)). Defendant's late motion to amend is untimely and prejudicial to plaintiff.

The proper procedure to address defendant's multiple rule violations is to dismiss the appeal. It is unnecessary to reach the merits of defendant's appeal. *Id.* ("It is not the role of the appellate courts, however, to create an appeal for an appellant."). Consistent with our Supreme Court's mandate in *Viar*, I vote to dismiss defendant's appeal. *Id.* I respectfully dissent.