* * * * * * * * * * *
Upon review of all of the competent evidence of record with references to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission AFFIRMS with some modifications the Decision and Order of the Deputy Commissioner.
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is an inmate in the custody of defendant. Plaintiff's affidavit alleges that defendant, through the negligence of several named officers, allowed plaintiff to be injured by another inmate on January 3, 2002 by failing to protect plaintiff from the inmate. *Page 2 
2. Plaintiff's affidavit alleges that the named officers were negligent in failing to search the other inmate, thus allowing the inmate to stab plaintiff with a hypodermic needle fastened to an ink pen.
3. Defendant filed a Motion to Dismiss on five stated bases: (1) that pursuant to Rule 12(b)(1), plaintiff alleged intentional acts and/or Constitutional violations and this claim is thus not properly within the Industrial Commission's jurisdiction under the Tort Claims Act; (2) that pursuant to Rule 12(b)(6), plaintiff failed to allege that any breach of any duty on defendant's part proximately caused an injury to plaintiff; (3) that plaintiff was contributorily negligent; (4) that plaintiff's injuries resulted from his own intentional conduct; and (5) that pursuant to Rule 12(b)(1), that plaintiff's exclusive remedy is under the North Carolina Workers' Compensation Act.
4. Prior to the Deputy Commissioner's hearing on defendant's Motion to Dismiss, plaintiff became agitated and refused to participate in the hearing, whereupon defendant moved, pursuant to Rule 41(b), for a dismissal of plaintiff's claim based on his failure to prosecute.
5. The inmate's stabbing plaintiff constituted an intervening cause of any damages plaintiff sustained. Plaintiff failed to allege that defendant breached any duty owed plaintiff to prevent the stabbing from occurring.
6. Plaintiff refused to participate in the Deputy Commissioner's hearing.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. To prevail on a claim of negligence under the terms of the Tort Claims Act, a plaintiff must establish that (1) defendant owed plaintiff a duty of care under the circumstances; *Page 3 
(2) actions or omissions by at least one of the named employees of defendant constituted a breach of that duty; (3) the breach was the actual and proximate cause of plaintiff's injury; and (4) plaintiff suffered damages. Simmons ex rel. Simmons v. Columbus County Board ofEducation, 615 S.E.2d 69 (N.C.App. 2005).
3. Plaintiff failed to allege that defendant's officers owed him any duty to protect him from an instantaneous attack by a fellow inmate and that defendant breached any duty they owed him. Therefore, plaintiff's claim must be dismissed. N.C. Gen. Stat. § 143-291(a).
4. As plaintiff did not participate in the Deputy Commissioner's hearing, plaintiff's claim must also be dismissed for failure to prosecute. Rule 41(b).
 * * * * * * * * * * *
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are assessed, as plaintiff was permitted to file this claim in forma pauperis.
This 11th day of July, 2007.
S/___________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 CONCURRING: *Page 4 
 S/___________________________ BUCK LATTIMORE CHAIRMAN
 S/___________________________ DANNY LEE MCDONALD COMMISSIONER *Page 1