* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Chief Deputy Commissioner Gheen and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission adopts the Opinion and Award of Chief Deputy Commissioner Gheen with modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties did not stipulate to any facts.
 * * * * * * * * * * * *Page 2 RULING ON PROCEDURAL MATTERS: PLAINTIFFS' REPLY ASSERTING DOCTRINE OF LAST CLEAR CHANCE AND HANDBOOK FOR SCHOOL BUS DRIVERS
Because plaintiffs acknowledged that its Reply asserting the doctrine of Last Clear Chance was not timely filed, this issue will not be addressed herein.
Since the record shows that the Handbook for School Bus Drivers was neither identified nor introduced into the record of evidence, the Handbook was not considered in reaching the decision herein.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Quanterio Robinson (hereinafter Mr. Robinson) was born on November 2, 1985. He was 14 years old and a student in the 7th grade at Bradley Middle School on the date he was injured.
2. On the afternoon of May 18, 2000, Mr. Robinson was on his way home from Bradley Middle School on Charlotte-Mecklenburg School Bus Number 323. The operator of Bus 323 was Tobbi Leticia Bolden, its usual operator.
3. The customary route for Bus 323 turns onto Neck Road from Beatties Ford Road and the first passenger stop is at the intersection of Neck Road and Johnson Davis Road. This was Mr. Robinson's assigned stop to depart the bus. Bus 323 would then proceed through the area to a second scheduled stop further into the neighborhood on Neck Road, then turn around and proceed on Neck Road towards Beatties Ford Road. *Page 3 
4. The bus would typically make a second stop at the Neck Road/Johnson Davis Road intersection before the bus would proceed to enter Beatties Ford Road. Mr. Robinson and other students would often forgo departing the bus on its first stop at the Neck Road/Johnson Davis Road intersection and wait to depart the bus when it stopped a second time at that intersection.
5. On May 18, 2000, Mr. Robinson did not depart Bus 323 at his assigned stop. As Ms. Bolden approached the Neck Road/Johnson Davis Road intersection for the second time, she told the students that she was not stopping and she was taking the students back to the bus garage. Ms. Bolden testified that she was playing a joke on the students, that she intended on passing the designated bus stop a little bit and then stopping to let the students off the bus. The majority of the students understood Ms. Bolden was playing around or joking with them. However, Mr. Robinson told Ms. Bolden that if she did not stop the bus, he would jump off.
6. As Ms. Bolden approached and was just past the usual bus stop, Mr. Robinson crouched down and began trying to open the emergency exit door at the back of the bus. The first time Mr. Robinson opened the emergency exit door, an alarm was activated, Ms. Bolden told Mr. Robinson to close the door, and the alarm ceased. Ms. Bolden did not immediately stop the bus. Ms. Bolden did not clarify to Mr. Robinson that she was only joking and that she actually intended to stop the bus to let Mr. Robinson and the other students depart.
7. Mr. Robinson initially complied with Ms. Bolden's instruction to close the door, but he again opened the emergency exit door at least one more time causing the alarm to activate again. Then, almost immediately, Mr. Robinson jumped out of the emergency exit door while the bus was moving. The acts of opening of the door and jumping out occurred so quickly that *Page 4 
Ms. Bolden did not have time to respond in any manner. At that point, the students notified Ms. Bolden of what had happened and Ms. Bolden brought the bus to a stop.
8. As a consequence of jumping from the bus, Mr. Robinson suffered severe traumatic brain injury, including a right subdural hematoma with cerebral contusions and Barrow trauma requiring multiple chest tubes. Mr. Robinson's injuries have resulted in permanent disabilities.
9. Plaintiff, Penny Robinson, incurred medical expenses totaling $278,236.02.
10. The evidence does not establish any condition that prevented Ms. Bolden from immediately stopping the bus when Mr. Robinson first opened the emergency exit door and clarifying to Mr. Robinson that she was only joking, that she had every intention of allowing him off the bus, and that she was not taking the students back to the bus garage.
11. There is no evidence that Mr. Robinson lacked the maturity and discretion associated with an individual who is 14 years old.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiffs' claim is filed pursuant to the North Carolina State Tort Claims Act. The Industrial Commission has jurisdiction to hear and determine tort claims against any county board of education where the claim arose as a result of the negligent act or omission of the school bus driver who was employed at the time by the county administrative unit of which such board was the governing body. N.C. Gen Stat. §143-300.1. *Page 5 
2. Under the Tort Claims Act, negligence, contributory negligence, and proximate cause are determined under the same rules as those applicable to private individuals. Barney v. North Carolina State HighwayCommission, 282 N.C. 278, 284, 192 S.E.2d 273, 277 (1972).
3. To establish a claim for negligence, plaintiffs must show the following: (a) Ms. Bolden failed to exercise due care in the performance of some legal duty owed to Mr. Robinson; and (b) the breach of that duty was the proximate cause of Mr. Robinson's injury. Bolkhir v. N.C. StateUniversity, 321 N.C. 706, 709, 356 S.E.2d 898, 900 (1988).
4. Although the standard of care to which a school bus driver must adhere is that of a reasonably prudent person, the proper degree of care varies according to the particular circumstances. Simmons ex rel Simmonsv. Columbus County Bd. of Educ., 171 N.C. App. 725, 615 S.E. 2d 69
(2005). Based upon the facts of this case, Ms. Bolden owed her student passengers a duty to exercise reasonable care for their safety and protection. That duty required that Ms. Bolden not expose Mr. Robinson to unusual risks. By continuing to drive the bus with knowledge that Mr. Robinson was crouched in close proximity to an emergency exit door and had actually opened the door slightly on one occasion and by not immediately clarifying her intentions to prevent further misunderstanding on the part of Mr. Robinson, Ms. Bolden exposed Mr. Robinson to unusual risks.
5. On May 18, 2000, Ms. Bolden breached the duty of care owed to Mr. Robinson by failing to immediately stop the bus when Mr. Robinson first opened the emergency exit door and clarifying to Mr. Robinson that she was only joking, that she had every intention of allowing him off the bus, and that she was not taking the students back to the bus garage. This breach of duty was the proximate cause of Mr. Robinson's injury. N.C. Gen. Stat. § 143-291. *Page 6 
6. The Tort Claims Act does not authorize recovery unless the claimant is free from contributory negligence. N.C. Gen. Stat. § 143-299.1. "Every person having the capacity to exercise ordinary care for his own safety against injury is required by law to do so, and if he fails to exercise such care, and such failure, concurring or cooperating with the actionable negligence of defendant, contributes to the injury complained of, he is guilty of contributory negligence." Clark v. Roberts,263 N.C. 336, 343, 139 S.E.2d 593, 597 (1965). A 14 year-old is presumed to have sufficient capacity to be aware of and avoid danger. This presumption stands unless rebutted by clear evidence that the 14 year-old lacked the discretion as is usual with other 14 year-olds. Welch v. Jenkins,271 N.C. 138, 155 S.E.2d 763 (1967). No competent evidence was introduced that Mr. Robinson lacked the usual discretion of a 14 year-old to appreciate and anticipate the risk of injury by jumping from Bus 323's emergency exit door while the bus was moving and after being instructed to close the emergency exit door. The competent testimony and evidence establishes that Mr. Robinson jumped, not fell, from the bus. Therefore, Mr. Robinson was contributorily negligent.
7. "Contributory negligence is not a bar to a plaintiff's recovery when the defendant's gross negligence, or willful or wanton conduct, is a proximate cause of the plaintiff's injuries." Yancey v. Lea,354 N.C. 48, 51, 550 S.E.2d 155, 157 (2001). Gross negligence requires a finding that the conduct is willful, wanton, or done with reckless indifference. Willful conduct is done with a deliberate purpose. Conduct is wanton when it is carried out with a wicked purpose or when done needlessly, manifesting a reckless indifference to the rights of others. Yancey v.Lea, supra. Here, Ms. Bolden's failure to stop the bus, while rising to negligence, does not constitute gross negligence. There is no evidence that Ms. Bolden's actions were willful, with a wicked purpose, or recklessly indifferent. The lack of such willfulness, *Page 7 
wicked purpose or reckless indifference in Ms. Bolden's actions is evidenced by the fact that Ms. Bolden timely instructed Mr. Robinson to close the emergency exit door once she realized Mr. Robinson did not take her statements in jest. Further, the evidence establishes that Mr. Robinson appeared to have complied with her instruction to close the emergency exit door and Mr. Robinson's repeated attempts to open the emergency exit door and actual exit from the moving bus were sudden, giving Ms. Bolden no time to take further corrective action prior to Mr. Robinson jumping from the bus.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Plaintiffs' claim is hereby DENIED.
2. Each side shall pay its own costs.
This the 7th day of May, 2007.
S/________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/________________________ DANNY LEE MCDONALD COMMISSIONER