DEBORAH DILTHEY SEIPP, Plaintiff v. WAKE COUNTY BOARD OF EDUCATION, Defendant

No. COA98-320

· (Filed 19 January 1999)

**Schools and Education— injury at PTA event—liability of school board—no statutory immunity**

A county board of education was not entitled to immunity under N.C.G.S. § 115C-524(b) for injuries sustained by plaintiff while attending a haunted house on school property sponsored by the school PTA, assuming that the PTA was a "non-school group" and that the haunted house was conducted "for other than school purposes," where the PTA used the school property pursuant to a verbal agreement with the principal and failed to comply with board of education rules requiring a signed facility use application, payment of a processing fee, proof of liability insurance, execution of a hold harmless agreement, and approval by both the principal and the board.

Appeal by defendant from order filed 12 December 1997 by Judge W. Osmond Smith, III, in Wake County Superior Court. Heard in the Court of Appeals 27 October 1998.

*Edwards & Kirby, L.L.P., by David F. Kirby, for plaintiff-appellee.*

*Bailey & Dixon, L.L.P., by Gary S. Parsons and Warren T. Savage, for defendant-appellant.*

GREENE, Judge.

Wake County Board of Education (Board) appeals from the denial of its summary judgment motion.

Deborah Dilthey Seipp (Plaintiff) filed this action against the Board seeking to recover damages for personal injuries she sustained

while attending a Haunted House (Event) sponsored by the Parent-Teacher Association (PTA) and held on the premises of the Lacy Elementary School (School), one of the schools in the Board's school system. The PTA is composed solely of volunteer teachers, administrators, and parents of students who attend the School. The Event was announced by way of School bulletins printed by the School and distributed by the teachers at the School to the students. Tickets for the Event were purchased by the students from the teachers at the School, who held the money for the benefit of the PTA. All the funds raised from the Event went directly into the PTA operating budget and were used for the funding of programs and the purchasing of equipment at the School.

The Board encouraged the use of School facilities by the community and implemented rules and regulations (Rules) for their use. Those Rules provided in pertinent part: (1) "[t]he superintendent shall have prepared and provided to principals a standard application form for the use of school facilities by the various user groups"; (2) "[a]ny group desiring to use a school facility shall make application in the office of the principal of the school of the facility desired at least two (2) weeks prior to the date of the intended use"; and (3) "[t]he following guidelines should be followed" when applying for use of a School facility:

> Any agency, group, or individual interested in using a school facility . . . **MUST** [(a)] [s]ubmit a completed *Facility Use Application* to the building level principal at least two weeks . . . in advance of the event; [(b)] [s]ign and date the application . . . as indication of a contractual agreement to abide by school policy and payment requirements; [(c)] [a]ttach . . . a check in the amount of $25.00 for the processing fee, . . . [provide] proof of liability insurance, [and provide a] hold harmless agreement.

The Facility Use Application had to be approved by the School principal and processed and approved by the Board's Community Schools Office.

The PTA did not complete a Facility Use Application, pay an application fee, execute a hold harmless agreement, or provide proof of liability insurance. The use of the School for the Event by the PTA was informally and orally approved by the School principal and although not consistent with the Rules, was consistent with the normal practice of the Board.

**SEIPP v. WAKE COUNTY BD. OF EDUC.**

[132 N.C. App. 119 (1999)]

It is alleged in the complaint and admitted in the answer that the Board purchased liability insurance which was in effect on the date of Plaintiff's injury.

---

The single issue presented is whether the PTA's use of the School for the Event, where Plaintiff was injured, was "pursuant to" an agreement made within the meaning of section § 115C-524(b).

"A county or city board of education is a governmental agency, and therefore is not liable in a tort or negligence action except to the extent that it has waived its governmental immunity pursuant to statutory authority." *Beatty v. Charlotte-Mecklenburg Bd. of Education*, 99 N.C. App. 753, 755, 394 S.E.2d 242, 244 (1990), *disc. review improvidently allowed*, 329 N.C. 691, 406 S.E.2d 579 (1991). Any local board of education may waive its immunity by securing liability insurance. N.C.G.S. § 115C-42 (1997). The purchase of liability insurance does not, however, constitute a waiver of immunity to the extent personal injures are sustained in the use of school property, if the use of the school property is "for other than school purposes" and "pursuant to" an "agreement" with a "non-school group" entered into consistent with "rules and regulations" adopted by the local board of education. N.C.G.S. § 115C-524(b) (1997); *Linder v. Duplin County Bd. of Education*, 108 N.C. App. 757, 760, 425 S.E.2d 465, 467, *disc. review denied*, 333 N.C. 791, 431 S.E.2d 25 (1993).

Plaintiff argues that the Board is not entitled to immunity under section 115C-524(b) for three distinct reasons: (1) the PTA-sponsored Event was a School event and thus was not "for other than school purposes"; (2) the PTA is a School group and thus does not qualify as a "non-school group"; and (3) the Event was not held pursuant to an agreement consistent with Board Rules.

Assuming, without deciding, that the PTA is a "non-school group" and that the Event was conducted "for other than school purposes," the Board is not entitled to the immunity granted under section 115C-524(b) because the agreement with the PTA was not entered pursuant to the Rules adopted by the Board. The Rules simply do not allow for a verbal agreement between the School principal and the group wishing to use School facilities. The fact that this may be the custom is not material. The Rules are specific in requiring the group "interested in using a school facility" to "[s]ubmit a [signed and] completed *Facility Use Application*" to the School principal, attach a processing fee, show proof of liability insurance, and execute

a hold harmless agreement. This application must be approved by the School principal and the Board. In this case, the PTA did not submit an application pursuant to the Rules and the use of the School for the Event was therefore outside the scope of section 115C-524(b). The trial court correctly rejected the Board's summary judgment motion based on section 115C-524(b).

The Board also argues that the denial of its motion for summary judgment was error because "[P]laintiff failed to offer sufficient evidence to make out a prima facie case of negligence and because [P]laintiff was contributorily negligent as a matter of law." We do not reach this issue. The denial of a summary judgment motion, except as it involves questions of personal jurisdiction, is not appealable. *Hill v. Smith*, 38 N.C. App. 625, 626, 248 S.E.2d 455, 456 (1978); *Colombo v. Dorrity*, 115 N.C. App. 81, 83, 443 S.E.2d 752, 754, *disc. review denied*, 337 N.C. 689, 448 S.E.2d 517 (1994). We have addressed the sovereign immunity issue on this appeal because it raises a question of personal jurisdiction. *Id.*

Affirmed.

Judges LEWIS and HORTON concur.