BRYANT, Judge.
 

 *417
 
 Where defendant Board complied with its own rules and regulations when it entered into a valid contract permitting a basketball club to use a school's gymnasium for its basketball tournament, defendant Board is entitled to statutory immunity pursuant to N.C. Gen. Stat. § 115C-524(c), and the trial court did not err in dismissing plaintiff's claims pursuant to Rules 12(b)(1), (2), and (6). We affirm.
 

 On 22 September 2012, plaintiff George Henderson was employed to referee a basketball tournament at Hawthorne High School in Mecklenburg County from 9:00 a.m. to 7:00 p.m. TSO, a third-party referee company, contracted with plaintiff to referee the game. The tournament was sponsored, organized, and conducted by Carolina Basketball Club ("defendant CBC"). Defendants Vince Jacobs and Dennis Covington are the owners and/or agents of defendant CBC. The Charlotte-Mecklenburg Board of Education ("defendant Board"), owns, leases, and/or manages Hawthorne High School, including the gymnasium basketball court. Defendant CBC paid to defendant Board the required facilities fee for use of the basketball court for the tournament.
 

 Prior to 22 September 2012, plaintiff had never refereed at the Hawthorne High School gymnasium. His referee duties included running up and down the sides of the gymnasium basketball court during the game while monitoring the play of the participants. Plaintiff alleges that while running up and down the sides of the court as he officiated, he stepped onto a warped and uneven area of the court immediately adjacent to the playing
 
 *147
 
 area. Plaintiff immediately fell to the floor, at
 
 *418
 
 which point he felt severe pain in his left knee. Plaintiff also alleges that after his fall, other officials informed him that they run around this warped area of the basketball court to avoid tripping over it. Plaintiff alleges that,
 
 inter alia
 
 , his injuries include "anterior cruciate and lateral collateral ligament tear of the left knee and avulsion fracture of proximal lateral fibula," as a result of which he has undergone several surgeries and incurred medical expenses in excess of $300,000.00.
 

 On 12 March 2015, plaintiff George Henderson commenced this action by filing a complaint against defendant CBC, and the filing of an amended complaint on 22 September 2015, which added defendants Jacobs and Covington, and defendant Board. On 7 December 2016, defendants Jacobs and CBC filed their answer to plaintiff's amended complaint. On 14 December 2016, defendant Board timely filed its answer denying plaintiff's allegations, asserting a defense for failure to state a claim, and asserting cross-claims against the remaining defendants. Defendant Covington never answered plaintiff's amended complaint. On 3 February 2016, defendant Board filed a motion to dismiss pursuant to North Carolina Rules of Civil Procedure 12(b)(1), (2), and (6).
 

 On 15 March 2016, a hearing was held on defendant Board's motion in Mecklenburg County Superior Court, the Honorable Robert C. Ervin, Judge presiding. By order filed 24 March 2016, Judge Ervin granted defendant Board's motion to dismiss plaintiff's claims against defendant Board with prejudice.
 

 Almost two months later, on 11 May 2016, plaintiff and defendants Jacobs and CBC filed a joint motion for entry of judgment to revise the 24 March 2016 order
 
 nunc pro tunc
 
 , pursuant to Rules 54(b), 60(b)(2), and 60(b)(6) of the North Carolina Rules of Civil Procedure, to certify the matter for immediate appeal.
 
 [1]
 
 The next day, on 12 May 2016, plaintiff filed notice of appeal from the 24 March 2016 order.
 

 As an initial matter, we note that plaintiff appeals from an order dismissing one but not all of the parties to the action. The order from which plaintiff appeals dismissed plaintiff's claims with prejudice only as to defendant Board. However, in defendant Board's brief to this Court, it acknowledges that "[s]ubsequent to the filing of this appeal, [p]laintiff dismissed all remaining [d]efendants." Yet the record contains no evidence of the voluntary dismissal(s) with prejudice as to the remaining defendants-Vincent Jacobs, Dennis Covington, and Carolina
 
 *419
 
 Basketball Club, LLC-nor has plaintiff filed a supplement to the record on appeal. Accordingly, plaintiff's appeal "appears to be interlocutory."
 
 See
 

 Reeger Builders, Inc. v. J.C. Demo Ins. Grp., Inc.
 
 , No. COA13-622,
 
 232 N.C.App. 690
 
 ,
 
 2014 WL 859327
 
 , at *2 (N.C. Ct. App. Mar. 4, 2014) (unpublished) (citing
 
 Veazey v. City of Durham
 
 ,
 
 231 N.C. 357
 
 , 362,
 
 57 S.E.2d 377
 
 , 381 (1950) ).
 

 However, because "[w]e believe that dismissing this appeal as interlocutory would likely waste judicial resources[,]"
 
 Legacy Vulcan Corp. v. Garren
 
 ,
 
 222 N.C.App. 445
 
 , 447,
 
 731 S.E.2d 223
 
 , 225 (2012) (citing
 
 Brown v. City of Winston-Salem
 
 ,
 
 171 N.C.App. 266
 
 , 269,
 
 614 S.E.2d 599
 
 , 601 (2005) ), we "consider plaintiff's brief as a petition for writ of certiorari."
 
 Reeger Builders
 
 ,
 
 2014 WL 859327
 
 , at *2 (citing N.C. R. App. P. 21 (2013)) (considering the plaintiffs' brief as a petition for writ of certiorari as the plaintiffs' appeal was interlocutory where the trial court dismissed one but not all of the parties to the action and the plaintiffs stated in brief that they had settled with the remaining defendants, but no evidence in the record showed that plaintiffs entered a voluntary dismissal with prejudice as to the remaining defendants). "We exercise our authority under Rule 2 to consider [p]laintiff's appeal as a petition for writ of
 
 certiorari
 
 , and we grant
 
 certiorari
 
 to review the trial court's interlocutory order."
 
 Legacy Vulcan Corp.
 
 ,
 
 222 N.C.App. at 447
 
 ,
 
 731 S.E.2d at 225
 
 (citation omitted);
 
 see also
 
 id.
 

 (quoting N.C. R. App. P. 21(a)(1) (2011)) ("The writ of certiorari may be issued in appropriate circumstances ... when no right
 
 *148
 
 of appeal from an interlocutory order exists[.]").
 

 _________________________
 

 On appeal, plaintiff contends the trial court erred in granting defendant's motion to dismiss pursuant to Rules 12(b)(1), (2), and (6) (I) under the doctrine of statutory immunity; (II) under the doctrine of governmental immunity; and (III) as to intended third-party beneficiaries.
 

 The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted.
 

 Stanback v. Stanback
 
 ,
 
 297 N.C. 181
 
 , 185,
 
 254 S.E.2d 611
 
 , 615 (1979) (citations omitted). "This Court must conduct a
 
 de novo
 
 review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct."
 
 Leary v. N.C. Forest Prods., Inc.
 
 ,
 
 157 N.C.App. 396
 
 , 400,
 
 580 S.E.2d 1
 
 , 4 (2003).
 

 *420
 

 I. Statutory Immunity
 

 Plaintiff first argues the trial court erred in granting defendant Board's motion to dismiss for failure to state a claim for which relief could be granted pursuant to the doctrine of statutory immunity. Specifically, plaintiff contends that defendant Board cannot establish that it complied with its own rules and regulations when it entered into the agreement with defendant CBC permitting defendant CBC to use the gymnasium for its basketball tournament. Plaintiff contends that defendant Board failed to require that defendant CBC have liability insurance, per its rules and regulations. We disagree.
 

 "A county or city board of education is a governmental agency, and therefore is not liable in a tort or negligence action except to the extent that it has waived its governmental immunity pursuant to statutory authority."
 
 Seipp v. Wake Cnty. Bd. of Educ.
 
 ,
 
 132 N.C.App. 119
 
 -20, 121,
 
 510 S.E.2d 193
 
 , 194 (1999) (quoting
 
 Beatty v. Charlotte-Mecklenburg Bd. of Educ.
 
 ,
 
 99 N.C.App. 753
 
 , 755,
 
 394 S.E.2d 242
 
 , 244 (1990) ). North Carolina General Statutes section 115C-524(c) provides boards of education with specific statutory immunity from any liability for personal injuries suffered by an individual participating in non-school related events and activities on school grounds:
 

 Notwithstanding the provisions of G.S. 115C-263 and 115C-264, local boards of education may adopt rules and regulations under which they may enter into agreements permitting non-school groups to use school real and personal property, except for school buses, for other than school purposes so long as such use is consistent with the proper preservation and care of the public school property.
 
 No liability shall attach to any board of education or to any individual board member for personal injury suffered by reason of the use of such school property pursuant to such agreements
 
 .
 

 N.C. Gen. Stat. § 115C-524(c) (2015) (emphasis added).
 

 In
 
 Seipp
 
 , the PTA sponsored a haunted house at an elementary school in Wake County.
 
 132 N.C.App. at 120
 
 ,
 
 510 S.E.2d at 193-94
 
 . In order to hold the event at the school, the PTA was required to comply with the Wake County Board of Education's ("the Board") rules regarding facility use by (1) submitting a signed and completed facility use application; (2) attaching a processing fee; (3) showing proof of liability insurance; and (4) executing a hold harmless agreement.
 
 Id.
 
 at 121-22,
 
 510 S.E.2d at 195
 
 . Because the PTA did not submit an application pursuant to the Board's
 
 *421
 
 rules, this Court held that the use of the school for the haunted house event-where the plaintiff in
 
 Seipp
 
 was injured-was not used pursuant to an agreement made within the meaning of N.C.G.S. § 115C-524(b).
 
 [2]
 

 Id.
 
 at 122,
 
 510 S.E.2d at 195
 
 .
 
 *149
 
 In other words, because the agreement with the PTA was not entered into pursuant to the Board's own rules, the Board was not entitled to the immunity granted under section 115C-524(b).
 
 Id.
 
 at 121-22,
 
 510 S.E.2d at 195
 
 .
 
 But see
 

 Royal v. Pate
 
 , No. COA06-571,
 
 183 N.C.App. 156
 
 ,
 
 2007 WL 1246432
 
 , at *3 (N.C. Ct. App. May 1, 2007) (unpublished) (distinguishing
 
 Seipp
 
 and holding that because an agreement between a school board and a recreation commission for use of the school board's softball batting cage was consistent with the board's rules and regulations, the school board and board member were protected by statutory immunity pursuant to N.C.G.S. § 115C-524(b) (2005) ).
 

 In the instant case, defendant Board entered into a validly executed agreement with defendant CBC on 21 September 2012, and defendant CBC paid defendant Board $170.00-the required facilities fee-for the use of the gymnasium basketball court. Further, plaintiff makes no allegation that defendant CBC was using the facility for a non-permitted use. Defendant CBC also agreed to indemnify and hold harmless defendant Board against claims associated with defendant CBC's use of the facility. Indeed, there is nothing to support plaintiff's claim that defendant Board "did not procure insurance for the event" and plaintiff does not allege that defendant Board failed to comply with the agreement requiring defendant CBC to procure insurance.
 

 Thus, where plaintiff's own complaint makes clear that defendant Board followed its own rules and regulations when it leased the gymnasium to defendant CBC on the date plaintiff was injured therein, defendant Board is entitled to statutory immunity pursuant to N.C.G.S. § 115C-524(c). Accordingly, the trial court did not err in dismissing plaintiff's claim pursuant to Rules 12(b)(1), (2), and (6) based on statutory immunity, and plaintiff's argument is overruled.
 

 II. Governmental Immunity
 

 "A county or city board of education is a governmental agency and its employees are not ordinarily liable in a tort or negligence action
 
 *422
 
 unless the board has waived its sovereign immunity."
 
 Herring v. Liner
 
 ,
 
 163 N.C.App. 534
 
 , 537,
 
 594 S.E.2d 117
 
 , 119 (2004) (citing
 
 Ripellino v. N.C. Sch. Bds. Ass'n
 
 ,
 
 158 N.C.App. 423
 
 , 427,
 
 581 S.E.2d 88
 
 , 91-92 (2003) ). In the instant case, plaintiff did not allege in his amended complaint that defendant Board waived its governmental immunity. Instead, plaintiff contends defendant Board waived governmental immunity by entering into a contract with defendant CBC.
 
 See
 

 Smith v. State
 
 ,
 
 289 N.C. 303
 
 , 320,
 
 222 S.E.2d 412
 
 , 423-24 (1976) ("[W]henever the State of North Carolina, through its authorized officers and agencies, enters into a valid contract, the State implicitly consents to be sued for damages on the contract in the event it breaches the contract."). For the reasons that follow,
 
 see infra
 
 Section III, this argument is without merit.
 

 III. Intended Third-Party Beneficiaries
 

 Plaintiff lastly claims that he is a third-party beneficiary of the contract between defendant CBC and defendant Board and, therefore, he can recover for his personal injury and related damages through the theory of contract. We disagree.
 

 "North Carolina recognizes the right of a third-party beneficiary ... to sue for breach of a contract executed for his benefit."
 
 Town of Belhaven, NC v. Pantego Creek, LLC
 
 , --- N.C.App. ----, ----,
 
 793 S.E.2d 711
 
 , 719 (2016) (alteration in original) (quoting
 
 Babb v. Bynum & Murphrey, PLLC
 
 ,
 
 182 N.C.App. 750
 
 , 753,
 
 643 S.E.2d 55
 
 , 57 (2007).) However, plaintiff's argument is premised upon notions of common law immunity and not the statutory immunity at issue in this case.
 

 This case involves the application of N.C.G.S. § 115C-524(c), which provides that "[n]o liability shall attach to any board of education ... for personal injury suffered by reason of the use of such school property pursuant to such agreements."
 

 Id.
 

 § 115C-524(c) (emphasis added). Thus, in those situations covered by N.C.G.S. § 115C-524(c) (i.e., when a school permits a non-school group to
 
 *150
 
 use school property), school boards are
 
 required
 
 to enter into "agreements" with those non-school groups and are not liable for damages related to any "personal injury" which might occur as a result of those agreements.
 
 See
 
 id.
 

 In other words, in order for a school board to be entitled to the statutory immunity granted by section 115C-524(c), a school board
 
 must
 
 enter into a contract. It is therefore contradictory for plaintiff to argue that defendant Board has somehow waived immunity by complying with the mandate of the statute which, absent that compliance, will not grant that immunity; the existence of a contract cannot be both a requirement for and an exception to the application of statutory immunity. Plaintiff's
 
 *423
 
 argument is overruled, and the trial court's order dismissing plaintiffs' claims as to defendant Board is
 

 AFFIRMED.
 

 Judges INMAN and ZACHARY concur.
 

 [1]
 

 There is no indication in the record that a ruling was obtained on this motion.
 

 [2]
 

 On 11 June 2015, the North Carolina legislature enacted Senate Bill No. 315, which split section 115-524(b) into two subsections-(b) and (c)-and added a fourth, subsection (d). N.C. Sess. Laws 2015-64, § 1, eff. June 11, 2015.
 
 Seipp
 
 predates the 2015 amendment, but as the substance of the law did not materially change after the legislature split section (b) of N.C.G.S. § 115-524 into two subsections,
 
 Seipp
 
 remains instructive.
 
 See
 

 132 N.C.App. at 121
 
 ,
 
 510 S.E.2d at
 
 194 (citing to N.C.G.S. § 115C-524(b) (1997) ).